IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAY WARD,

        Plaintiff,

v.                                                                        Case No. 12-1115-JTM

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

MEMORANDUM AND ORDER

Presently before this court is plaintiff Jay Ward's petition for review of a final decision of the Commissioner of Social Security (Dkt. 6). Ward challenges the ALJ's ruling, arguing that the ALJ improperly discounted the weight it gave to the opinions of Dr. Hartley and Ms. Boone. For the following reasons, this court denies the appeal and affirms the decision of the Administrative Law Judge (ALJ).

**I. Background**

This suit involves an application for disability benefits under Title XVI of the Social Security Act. Ward's applications were denied initially and on reconsideration. After a hearing in May 2010, an ALJ found that Ward was not disabled, as defined by the Act. On January 31, 2012, the Appeals Council of the Social Security Adminsitration denied Ward's request for review of the ALJ's decision.

The detailed facts of the case, which are incorporated herein, are fully set forth in the ALJ's decision (Transcript, 13-23) and the briefs of Ward (Dkt. 6, at 2–4) and the

Commissioner (Dkt. 13, at 2). Ward argued at his hearing before the ALJ that due to his severe chest and left knee pain and shortness of breath, he was not able to work because of his inability to sit or stand for long periods of time, or lift any significant weight. Ward has not worked since June 1, 2000. He claims that his conditions first interfered with his ability to work on October 31, 2008. He has had limited education and had worked in roofing and construction until 2000.

After a full analysis of the evidence, the ALJ found that Ward's testimony regarding the severity of his medical condition and inability to perform any type of gainful work was not credible or supported by the evidence. The ALJ noted that the records showed an inconsistent work history for Ward, with minimal to no earnings posted for many years, reflecting poor motivation to work on his part. In activities reports filled out by Ward and his sister in 2009, the court found that Ward participated in many life activities that were inconsistent with Ward's own testimony and the medical opinions he relied upon for his claim.

The ALJ gave limited weight to the opinions of Dr. Hartley and Ms. Boone. Dr. Hartley, a treating physician, gave an opinion that the ALJ found was not consistent with Ward's sporadic medical treatment for his alleged physical complaints or his demonstrated level of functioning during the period in question. Further, the ALJ noted that Dr. Hartley's assessment and findings rendered an opinion on the ultimate issue of disability and inability to engage in gainful activity under the social Security Act, all of which is reserved to the Commissioner. The court gave little weight to the opinion of Ms. Boone, a mental health examiner, because it found that she was not an "acceptable

source" of medical information to prove disability under the regulations. The ALJ also noted that Ms. Boone's opinion was inconsistent with the totality of the evidence. In conclusion, the ALJ found that Ward's impairments do not meet any criteria contained in the regulations, and that Ward's subjective allegations of disability were not credible or supported by the totality of the evidence. (Tr. at 22). The ALJ found that Ward would be able to perform light, unskilled work, which directs a conclusion of "not disabled." *Id.*

## II. Legal Standard

Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether the decision of the Commissioner is supported by substantial evidence in the record as a whole. *Cowan v. Astrue*, 552 F.3d 1182, 1184-85 (10th Cir. 2008). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). It requires more than a scintilla, but less than a preponderance. *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004). The court's role is not to reweigh the evidence or substitute its judgment for that of the Commissioner. *Cowan*, 552 F.3d at 1185. Rather, the court must determine whether the Commissioner's final decision is "free from legal error and supported by substantial evidence." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

**III. Analysis**

After reviewing the record and the parties' briefs, the court determines that the ALJ's factual findings are supported by substantial evidence. The ALJ properly weighed the opinions of Dr. Hartley and Ms. Boone.

*1. Dr. Hartley's Opinion*

In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for "controlling weight." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ must give controlling weight to a treating physician's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "consistent with other substantial evidence in the record." *Id*. "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004). If the ALJ rejects the opinion of a treating physician, he must give a "sufficient explanation" for rejecting a treating physician's opinion. *Id*.

In this case, the ALJ did not err by giving Dr. Hartley's opinion little weight. As the ALJ explained, Dr. Hartley's opinion was inconsistent with the medical evidence. Ward filed his application for disability after having heart surgery in October of 2008. However, the ALJ explained that after Ward's heart operation, Ward's follow up appointments with Dr. O'Hara and Dr. Tauke showed that he had made a steady recovery from surgery and was doing well. Further, since those follow up appointments, Ward has not been hospitalized as an inpatient with respect to any severe chest pain or breathing complaints since his surgery.

4

Ward had seen a doctor for pain in his left knee, but the ALJ noted that the record did not point to consistent medical treatment for Ward's knee compliant. X-rays showed no abnormalities. There had been no physical therapy, no pain management, cortisone injection therapy, etc. for Ward's knee problems during the period at issue. Further, Ward testified to the ALJ that although prescription pain medications had helped his pain symptoms, he was not on any medications at present.

Ward's life activities seemed to be the most persuasive factor in the ALJ's decision to give Dr. Hartley's opinion less weight. According to activities reports filled out by Ward and his sister in 2009, Ward engaged in a variety of activities, from driving himself and shopping in stores, to drawing and making things out of wood and aluminum. Ward wrote that "he did these activities as much as he could and he did them very well." (Tr. at 15). Ward visited friends and relatives, and watched television and played card games with them. He stated that he did not need anyone to accompany him when he went out. Ward's sister, with whom Ward lived, reported that Ward had no problems with caring for his own needs. She stated that he could fix his meals, mow the yard using a riding mower, and do household chores like laundry and dishes. The ALJ found that Ward's activities, overall, were not consistent with allegations of a debilitating medical condition.

The ALJ pointed out that Dr. Hartley's assessment rendered an opinion on the ultimate issue of disability under the Social Security Act, which is reserved to the Commissioner. *See* 20 CFR § 416.927(e); *Bolan v. Barnhart*, 212 F. Supp. 2d 1248, 1262 (D.

Kan. July 16, 2002). Accordingly, the ALJ was not required to give deference to that opinion.

Ultimately, the ALJ had to weigh competing opinions by treating physicians. Dr. Hartley's physical evaluation of Ward returned results similar to those of Dr. Tauke, yet Dr. Hartley believed Ward was disabled under the Social Security Act. Considering Ward's own account of his day-to-day life activities, the ALJ gave Dr. Hartley's assessment little weight in his decision. This court finds that Dr. Hartley's opinion that Ward is disabled is inconsistent with Ward's activities. Thus, this court finds that the ALJ's decision was free of legal error and supported by substantial evidence. *See Wall*, 561 F.3d at 1052.

### 2. *Ms. Boone's Opinion*

By definition, the controlling weight afforded to a "treating source" "medical opinion" is reserved for the medical opinions of the claimant's own physician, psychologist, and other acceptable medical source. *Tindell v. Barnhart*, 444 F.3d 1002, 1005 (8th Cir. 2006). A therapist is not an "acceptable medical source" pursuant to 20 C.F.R. § 416.913(a), so his or her opinion is not entitled to any special weight whatsoever. *McDonald v. Barnhart*, 258 F. Supp. 2d 1034, 1040 (D. Kan. Feb. 28, 2005).

Ms. Boone, Ward's examining therapist, offered an opinion that Ward had significant cognitive defects that prevented him from performing simple, unskilled job tasks. She opined that he should be awarded disability benefits because he was unable to avoid exploitation, manage benefits, and make long-range financial decisions. Ms.

Boone suggested that a guardian should be appointed to help Ward manage his finances.

The ALJ appropriately weighed Ms. Boone's opinion. Under the Social Security regulations, Ms. Boone's opinion is not entitled to controlling weight, because a therapist is not an acceptable medical source. Further, the ALJ explained that Ms. Boone's assessment was directly at odds with Ward's self-stated list of daily activities. The record did not demonstrate that Ward had any significant cognitive deficits preventing him from performing simple, unskilled job tasks. Nothing in the record demonstrated that Ward suffered any additional cognitive deficit since his heart attack, and Ward had worked in the past, despite allegedly having memory problems since grade school. In conclusion, this court finds that the ALJ's decision to give little weight to Ms. Boone's opinion was free of legal error and supported by substantial evidence. *See Wall*, 561 F.3d at 1052.

IT IS THEREFORE ORDERED this 12th day of December, 2012, that the present appeal is hereby denied.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE